IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Michele K. Kinzler, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03:05-cv-40 |
| | ) |
| Jo Anne B. Barnhart, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Michele Kinzler (hereinafter "Kinzler," "claimant" or "plaintiff") initiated this action under 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Before the court are defendant's motion for summary judgment (Doc. # 10) and plaintiff's motion for summary judgment or in the alternative for remand. (Doc. # 8). For the reasons articulated in this memorandum, the court **RECOMMENDS** defendant's motion for summary judgment (Doc. # 10) be **GRANTED** and plaintiff's motion for summary judgment or in the alternative for remand (Doc. # 8) be **DENIED.**

## *Background*

Plaintiff protectively filed an application for disability benefits on August 5, 2002 (Transcript (hereinafter "Tr.") at 55-58). Her application was denied initially and on reconsideration. (Tr. at 30-33; 36-38). Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 39). An administrative hearing was held on

1

November 26, 2003 before ALJ Donald Holloway. (Tr. at 22). Claimant appeared personally, represented by her attorney, Joanne Ottmar. A vocational expert also testified at the hearing. On May 4, 2004, the ALJ issued a decision denying Kinzler's claim for benefits. (Tr. at 12-21).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council. (Tr. at 8). On February 5, 2005, the Appeals Council denied plaintiff's request for review, affirming the decision of the ALJ as the final decision of the Commissioner. (Tr. at 5-7). Plaintiff sought judicial review of the Commissioner's decision in a complaint filed April 6, 2005. (Doc. #1).

Claimant was born in June 1962. She has a general equivalency diploma and trained as certified nursing assistant (CNA). (Tr. at 346). Her previous jobs include working as a cashier, day care provider, waitress, and CNA. (Tr. at 64, 96). She most recently worked at MeritCare as a CNA. (Tr. at 64).

On January 24, 2002, the alleged onset date of disability, Kinzler was involved in a motor vehicle accident. (Tr. at 346-47). Claimant was stopped at a signal light when another vehicle "rear-ended" her car. (Tr. at 347). Following the accident, Kinzler suffered myofacial pain and fibromyalgia with severe complaints of pain in her shoulders, neck, head, and arms. (Tr. at 347). Additionally, she suffers from depression and anxiety. (Tr. at 165-67).

### *Legal Standard*

Upon review of the pleadings and transcript of the record, the court can affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). To affirm the Commissioner's decision, the court must find that it is supported by substantial evidence appearing in the record as a whole. See id.; Cruse v. Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989). "Substantial evidence is less than a

preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992); Consolidated Edison Co., et al. v. National Labor Relations Bd., et al., 305 U.S. 197, 229 (1938). The review of the record is more than a search for evidence supporting the Commissioner's decision; the court must also take into account matters that detract from the ALJ's findings and apply a balancing test to weigh evidence which is contradictory. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991); Sobania v. Secretary of Health & Human Services, 879 F.2d 441, 444 (8th Cir. 1989).

Under the Social Security Act, an individual is "disabled" if he or she is "unable to engage in any substantial gainful activity[1] by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve months. . . ." 42 U.S.C. § 1382c(a)(3)(A). The impairment(s) must be so severe that the applicant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Claims of disability are evaluated using a five-step sequential review. See 20 C.F.R. § 416.920(a). If the Commissioner finds that the applicant is either disabled or not disabled at any point in the review, the Commissioner does not continue the review. The first step is to determine whether the applicant is engaged in substantial gainful employment. If the applicant is so engaged, there is no disability. If, however, the applicant is not engaged in substantial gainful employment, the second step is to consider whether the applicant has an impairment or

---

[1]"Substantial gainful activity means the performance of substantial services with reasonable regularity either in competitive or self-employment." Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989).

combination of impairments that significantly limits his or her ability to perform basic work activities.[2]  If there is no limiting effect, the applicant is not disabled.  But, if the applicant is significantly limited by his or her impairment(s), the third step is to determine whether the impairments meet or equal a listed impairment.  If the impairments do meet or equal a listed impairment, the applicant is disabled.  The fourth step is to determine how the impairments affect the applicant's ability to perform past relevant work.  The applicant is not disabled if he or she is still able to perform past relevant work.  Finally, the fifth step is to determine whether the applicant can perform other work.  If the applicant cannot perform other work, the applicant is disabled.

The applicant bears the burden of proving disability.  Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994).  "However, if the claimant can demonstrate that she is unable to do past relevant work, and thereby reaches the fifth step in the process, the burden shifts to the [Commissioner], who must show that substantial gainful activity exists in the national economy which the claimant can perform."  Id.  See also Morse v. Shalala, 16 F.3d 865, 871 (8th Cir. 1994) ("Once the applicant demonstrates, under the fourth step, impairments that prevent her from returning to

---

[2]"Basic work activities" are defined as "the abilities and aptitudes necessary to do most jobs," including:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

4

her previous work, the burden shifts to the Secretary to prove that jobs exist in the national economy that the applicant could perform.") (citing Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991)).

Before discussing the errors alleged by Kinzler, the court notes the deferential standard of review applied to these cases. The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome. Sultan v. Barnhardt, 368 F. 3d 857, 863 (8th Cir. 2004). If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed. Dixon v. Barnhardt, 353 F.3d 602, 605 (8th Cir. 2003).

### *Discussion*

Following the regulatory five-step sequential evaluation, the ALJ concluded that Kinzler had not engaged in disqualifying substantial gainful activity since the alleged onset date. He found claimant's chronic myofascial pain and fibromyalgia were "severe," but the impairment does not reach the level of severity contemplated in the Listings. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. At the same step, the ALJ found claimant's depression and anxiety did not meet the definition of a severe impairment. Finally, the ALJ held that, considering claimant's residual function capacity ("RFC"), Kinzler's impairments do not prevent her from doing her past relevant work as a cashier.

On appeal, Kinzler argues the ALJ: (1) improperly disregarded the opinions of claimant's treating physicians and independent evaluator; (2) failed to accept as credible claimant's testimony concerning severe and disabling pain and limitations; (3) failed to find that

the combination of claimant's impairments preclude claimant from performing substantial gainful activity; and (4) erred in finding substantial evidence establishing claimant can return to her former work or has transferrable skills that permit her to do other work.

Plaintiff argues that the ALJ improperly disregarded the opinions of Kinzler's treating physicians. (Plaintiff's Brief, at 16). Under the Commissioner's regulations, the opinions of treating sources are generally given greater weight. See 20 C.F.R. § 404.1527 (d)(2); Bowman v. Barnhart, 310 F.3d 1080, 1085 (8th Cir. 2002) (stating that "opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole"); Cunningham v. Apfel, 222 F.3d 496, 502 (8th Cir. 2000) (recognizing the opinions of a treating physician are entitled to substantial weight). However, the court finds the ALJ properly weighed the all of the medical opinions in this case. Throughout the medical records, even claimant's treating physicians contemplate Kinzler's capacity to work, although with limitations. In particular the plaintiff's treating physicians, Dr. Steven Johnson, Kinzler's family practitioner, and Dr. Rezaul Karim, a physician at MeritCare's coordinated treatment center, opined that the plaintiff could work in a sedentary or light work position. (Tr. at 167-68, 172, 225). Dr. Karim stated that Kinzler could perform "sedentary work but with frequent rest breaks which can include one-half hour to one hour work at a time, then breaks." (Tr. at 168). Dr. Johnson even expressed hope that Kinzler would recover sufficiently to engage in moderate lifting. (Tr. at 225).

In addition, two state agency physicians agreed Kinzler could perform light work. (Tr. at 292-99). These medical consultants determined Kinzler has the residual functional capacity to perform a wide range of light exertional work activity with limitations of no more than

occasional crouching or crawling, no more than occasional gripping of objects, and no rapid or repetitive neck motions. (Tr. at 293, 299). "Residual functional capacity assessments by non-treating physicians can constitute the requisite substantial evidence." Smallwood v. Chater, 65 F.3d 87, 89 (8th Cir. 1995). Here, the ALJ found the medical consultants' opinions are consistent with the nature and extent of the claimant's activities of daily living, as well as the record as a whole. (Tr. at 15-16). As previously described, the consultants' assessments are not inconsistent with records from claimant's treating physicians.

Plaintiff argues that the ALJ erred by failing to accept as credible claimant's testimony concerning severe and disabling pain and limitations. The ALJ's opinion states "claimant's fibromyalgia/myofascial pain syndrome results in severe pain and functional limitations; however . . . the record as a whole fails to support the degree and duration of pain alleged by claimant at the hearing and in forms completed for the Administration and such allegations cannot be regarded as entirely credible." (Tr. at 18). The ALJ then proceeds to point out "inconsistencies and incongruities which call into question the degree of pain alleged by claimant." (Tr. at 18).

When evaluating a disability claim based in part on pain, an ALJ must consider the claimant's subjective complaints under the standard set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Under Polaski, the ALJ must consider all evidence presented that relates to plaintiff's subjective complaints in determining whether such complaints are credible evidence of a disability.[3] Id. at 1322. An ALJ may not reject a claimant's subjective complaints

---

[3]The ALJ must consider all evidence of plaintiff's subjective complaints, including prior work history, as it relates to:
   (1) the claimant's daily activities; (2) the duration, frequency and intensity of the

solely because of a lack of medical evidence.  Benson v. Heckler, 780 F.2d 16, 17 (8th Cir. 1985).  Furthermore, "before an ALJ may reject a claimant's subjective complaints of pain, the ALJ must make express credibility determinations" and "detail[] his reasons for discrediting the testimony."  Ricketts v. Secretary of Health and Human Services, 902 F.2d 661, 664 (8th Cir. 1990); Brock v. Secretary of Health and Human Services, 791 F.2d 112, 114 (8th Cir. 1986). These specific findings "must demonstrate that [the ALJ] evaluated all the evidence" relevant to the claimant's pain.  Herbert v. Heckler, 783 F.2d 128, 130 (8th Cir. 1986).

As the ALJ states, the medical records clearly establish Kinzler experiences pain.  She has tried chiropractic, physical, and occupational therapy; trigger point injections; narcotic and non-narcotic pain medications; use of a TENS unit; and biofeedback therapy.  Thus the ALJ did not completely discredit Kinzler's subjective complaints of pain, but rather he found "the record as a whole fails to support the degree and duration of pain alleged by claimant." (Tr. 18).  See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (stating ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole).

The court has little doubt that Kinzler experiences pain, but pain is not disabling *per se*. There must be a showing that plaintiff has a related functional loss.  See Polaski, at 1322.  The real issue is the severity of plaintiff's pain.  See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993). Simply because working might cause pain or discomfort does not mandate a finding of disability.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000).

---

pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional limitations.

Polaski, 739 F.2d at 1322.

8

The overall record shows a lack of objective medical evidence to support plaintiff's allegations of a disabling condition. See Curran-Kicksey v. Barnhart, 315 F.3d 964, 968 (8th Cir. 2003) (lack of supporting objective medical evidence may be used as a factor to be considered in evaluating credibility of claimant's allegations of pain and disability). Claimant asserts she is disabled as a result of the motor vehicle accident in January 2002. The record demonstrates she apparently did not present her complaints to a medical doctor until March 2002, although she was consulting a chiropractor. (Tr. 148). As Dr. Johnson noted, Kinzler's X-rays and MRIs came back "essentially normal." (Tr. at 225). However, the court recognizes such presentation is not uncommon for patients with fibromyalgia. See, e.g., Brosnahan v. Barnhart, 336 F.3d 671, 677-78 (8th Cir. 2003).

In this case, the ALJ appears to have considered plaintiff's complaints of pain even though they were not strongly supported by the medical evidence. At the time of the hearing, Kinzler testified her doctors had stopped her narcotic pain medication. (Tr. at 355). She was only taking Celebrex (a nonsteroidal anti-inflammatory drugs), Valium, and ibuprofen. The lack of significant pain medication supports the ALJ's determination. Singh v. Apfel, 217 F.3d 586, 591 (8th Cir. 2000). Further, plaintiff engages in routine daily activities and is able to manage her own personal needs and care for her daughter. (Tr. at 349-51). Although these minimal activities themselves do not constitute substantial evidence that claimant can engage in substantial gainful activity, Harris v. Secretary of Dep't of Health and Human Services, 959 F.2d 723, 726 (8th Cir. 1992), they can be considered in assessing the credibility of the claimant's subjective complaints. Clark v. Shalala, 28 F.3d 828, 831 (8th Cir. 1994). The ALJ concluded the record documents Kinzler's ability to accomplish normal daily activities and these activities

are consistent with the ability to engage in work at the light level. (Tr. 18). It is the opinion of the magistrate judge that the ALJ properly assessed claimant's activities in determining claimant's complaints of pain were not entirely credible.

Kinzler's motivation to return to work also factored into the ALJ's credibility determination. In November 2002, Dr. Johnson, Kinzler's family practitioner, stated: "I do not think that Michele has reached maximum medical improvement and it is difficult to predict when and if she will ever improve as a lot of this is based on each individual's underlying motivation to regain the strength and participate in exercise programs." (Tr. at 225). He also hoped she would eventually improve enough to engage in work at the moderate lifting category. (Tr. at 225). The ALJ also recognized claimant has a pending lawsuit arising from the motor vehicle accident. Thus, the ALJ questioned whether the "lawsuit may negatively impact the claimant's motivation to return to work." (Tr. at 19). Additionally, Kinzler clearly wanted to continue working as a CNA. Given the lifting restrictions inherent in light work, she could not do so. The ALJ further suggested her inability to return to work she enjoyed might decrease her motivation to work in a different profession. (Tr. at 18-19). Looking at the record as a whole, the court agrees that the ALJ appropriately looked at motivation as a credibility factor.

The ALJ properly considered Kinzler's subjective complaints, and while he did not completely discredit them, he found that they were not credible to the extent to which she complained. An ALJ may discount a claimant's subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. See Lowe v. Apfel, 226 F3d 969, 972 (8th Cir. 2000); Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000) (citing Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir.1999). The court will not disturb the ALJ's credibility determination where the ALJ has

seriously considered, but for good reason expressly discredits the claimant's complaints. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).

Kinzler also argues the ALJ erred in failing to find that the combination of claimant's impairments preclude her from performing substantial gainful activity. Approximately seven months after the alleged onset of disability, Kinzler underwent a functional capacities evaluation (FCE) at the request of a treating physician. The FCE found she could engage in light work. (Tr. 151-59). No further FCE appears to have been done to contradict the finding Kinzler could perform light work.

The court also notes claimant's treating psychiatrist, Dr. Virdee, stated throughout her records that claimant had normal concentration, good insight and judgment, and good cognition. (Tr. at 262-87). Claimant was generally described as appropriately groomed, wearing makeup, and well-dressed. (Tr. at 262-87). Dr. Virdee's notes also support claimant's ability to manage her daily activities and care for her daughter. (Tr. at 262-87). Thus, the treating psychiatrist's comments support the ALJ's conclusion that Kinzler's depression and anxiety were not severe impairments. (Tr. at 128, 362). Kinzler also testified she was no longer under the care of a mental health professional. (Tr. at 357). Thus, a review of the record demonstrates the ALJ properly determined plaintiff did not have any impairment or a combination impairments which prevented plaintiff from performing her past relevant work.

Finally, Kinzler asserts the ALJ erred in finding substantial evidence establishing claimant can return to her former work or has transferrable skills that permit her to do other work. Claimant does not specifically advance additional arguments supporting this alleged error. Rather, Kinzler contends the ALJ erred in concluding claimant could perform work in the light

range; thus, his ultimate conclusion–that claimant could work as a cashier–is not supported by substantial evidence. The ALJ presented the following hypothetical to the vocational expert (VE):

> [ALJ]: If we hypothetically take a woman age, education, and work experience that the Claimant has and if she's limited to lifting 20 pounds occasionally and 10 pounds frequently, can only occasionally crawl or crouch and only occasionally firmly grip, and should not have a job where there'd be repetitive neck motions–repetitive or rapid neck motions. If those were the only limitations our hypothetical person had, could she be expected to perform any of her past work–past relevant work?
>
> [VE]: A portion of it. The cashier job would fall withing those parameters. The nurse's aide certainly would not in that it's a fairly exertional job, requiring a lot of lifting. The waitress job does require using her hands consistently and–including carrying things with firm grasping would be required, so–
>
> [ALJ]: If in addition to those limitations, our hypothetical person could not consistently work 7-1/2 to 8 hour days for 5 days in a row, could she then be a cashier?
>
> [VE]: No. Cashier workers are going to require adhering to a schedule set by the employer and that would be full workdays and full work weeks with normal breaks.
>
> [ALJ]: Would there be any jobs in the national economy that would accommodate less than 7-/2 to 8 hour days for 5 consecutive days?
>
> [VE]: No. In her case, she'd have no skills that would transfer to jobs that would tolerate that, and then you'd be looking at unskilled work, which would, in fact, require again those full workdays, full work weeks. So there would not be jobs that would exist.
>
> [ALJ:] So you couldn't work–she couldn't work five or six hours and be–for 5 days and then be competitively employable.
>
> [VE]: Exactly.

(Tr. at 364-65).

The court notes because the ALJ determined claimant is capable of

12

performing past relevant work, the burden continues to lie with Kinzler.  See Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir.1985); McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir.1982).  Thus, the burden has not shifted, and the VE's testimony was not essential to the ALJ's determination. However, as the court has previously described, the evidence as whole supports the ALJ's reliance on the first portion of the hypothetical, given his conclusions regarding credibility and residual function capacity.

### *Conclusion*

The ALJ sufficiently explained his findings in the body of his opinion and each has substantial support in the record.  Even after consideration of the errors alleged by plaintiff, the magistrate judge finds substantial evidence in the record supports the ALJ's decision.  For the foregoing reasons, **IT IS RECOMMENDED:**

1.	Defendant's motion for summary judgment be **GRANTED**.  (Doc. #10).

2.	 Plaintiff's motion  for summary judgment or in the alternate for remand be **DENIED**.  (Doc. #8).

3.	Judgment be entered affirming the decision of the Commissioner.

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 6th day of March, 2006.

_____
Karen K. Klein
United States Magistrate Judge